Van Brunt, P. J., Patterson, O'Brien and Ingraham, JJ., concurred.

Order reversed, with costs, motion to set aside report granted, and order of reference vacated.

----

Charles Gruebler, Respondent, v. The Mayor, Aldermen and Commonalty of the City of New York, Appellant.

*Negligence — verdict conclusive as to the proximate cause.*

Where, in an action brought to recover damages resulting from injuries caused by the alleged negligence of a city, the case turns upon the question whether the proximate cause of the injuries was that the plaintiff slipped upon snow and ice upon a sidewalk, or whether he stumbled upon a pile of earth which the city had permitted to remain there, the verdict of the jury upon the question of the proximate cause will not be disturbed.

Appeal by the defendant, The Mayor, Aldermen and Commonalty of the City of New York, from a judgment of the Court of Common Pleas for the city and county of New York in favor of the plaintiff, entered in the office of the clerk of said court on the 11th day of February, 1895, upon the verdict of a jury, and also from an order entered in said clerk's office on the 1st day of March, 1895, denying the defendant's motion for a new trial made upon the minutes.

*Terence Farley* and *Theodore Connoly*, for the appellant.

*Louis Steckler*, for the respondent.

O'BRIEN, J. :

It is urged upon this appeal that, if for no other reason, the judgment should be reversed on the facts, it being insisted that the verdict is against the overwhelming weight of evidence. An examination of the testimony shows that this contention is not borne out by the record.

It is conceded that on the 4th day of March, 1893, while the plaintiff was lawfully walking through and along Seventy-second street, between Avenue A and the East river, he received personal injuries resulting from a fall. The dispute centered upon whether the injuries thus sustained were due to the defendant's negligence in suffering and allowing the sidewalk to remain in an unsafe and dangerous condition, whereby a large heap or pile of earth or dirt was permitted to remain upon the street, against which the plaintiff stumbled, thus causing the injuries, which included a fracture and upward dislocation of the plaintiff's right foot.

There was a direct conflict between the witnesses upon the two pertinent questions involved, as to what the plaintiff stumbled against, and for what length of time the obstruction or whatever it was had existed. It is conceded that there were piles of dirt not only in the street but upon the sidewalk, and while these by some of the witnesses are placed 200 or 300 feet away from a certain lamp post near which the accident occurred, the plaintiff is supported by at least another witness, who testifies as to the existence of such piles in that immediate vicinity. It is true that, while the presence of such piles may prove that the street was not in good condition, it was no evidence of negligence unless connected with testimony showing or tending to show that the plaintiff stumbled against one of the piles, and that this was the proximate cause of the accident. We think there was sufficient evidence to present this as a question of fact to the jury, as there was also upon the other question of the length of time during which such obstructions had existed. It is true that the plaintiff's evidence was far from conclusive, but there was sufficient from which the inference could reasonably be drawn in favor of the plaintiff's version, and there was no overwhelming

evidence on the other hand to show that this version was incorrect. It being conceded by the defendant that the plaintiff was injured in that street on the night in question by reason either of some obstruction in the street or by slipping upon the snow and ice, the case really turned in the end upon the question whether the proximate cause of the injuries was the latter, or whether, as claimed by the plaintiff, his injuries were the result of his stumbling over one of these piles of dirt. The jury resolved the doubt in plaintiff's favor and we see no good reason for interfering with the verdict.

The other position taken by the defendant, that there was no proof of compliance with chapter 572 of the Laws of 1886, we regard as without merit.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., BARRETT, WILLIAMS and PATTERSON, JJ., concurred.

Judgment affirmed, with costs.